UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Selective Insurance Company of America,<br><br>    Plaintiff,<br><br>v.<br><br>The Cincinnati Insurance Company, and Kemp Building and Development, Co.,<br><br>    Defendants. | Case No. 16-11403<br>Hon. Terrence G. Berg |

**OPINION AND ORDER DECLINING TO EXERCISE JURISDICTION OVER PLAINTIFF'S AND DEFENDANTS' ACTIONS FOR DECLARATORY JUDGMENTS**

### I.   Introduction

This case involves the duty of an excess insurer to indemnify and defend the insured. Plaintiff Selective Insurance Company of America ("Selective") seeks a judgment declaring that it does not have a duty to defend Defendant Kemp Building and Development Company ("Kemp") in an ongoing, Michigan state court lawsuit filed by an employee injured on a construction job. Defendants—Kemp and Cincinnati Insurance Company ("Cincinnati"), Kemp's primary in-

surer—seek a judgment declaring the opposite; that is, that Plaintiff does have a duty to indemnify and defend Kemp in the underlying Michigan lawsuit.

Plaintiff has filed a motion for partial judgment on the pleadings. Dkt. 7. Defendants oppose this motion and have filed a counter motion for summary judgment. Dkt. 9.

The Court heard oral argument on this matter on July 19, 2017, in Detroit, Michigan.

This Court has discretionary jurisdiction over actions for a declaratory judgment, pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201(a). For the reasons outlined below and stated on the record at oral argument, the Court declines to exercise its jurisdiction over this matter. Accordingly, Plaintiff's motion for partial judgment on the pleadings is **DENIED,** Defendants' motion for partial summary judgment is **DENIED,** and this case is **DISMISSED**.

## II.   Background

Defendant Kemp was hired as the general contractor for a construction project ("the project"), Dkt. 7, Pg. ID 345, and Defendant Cincinnati issued a primary insurance policy to Kemp. Kemp then hired Kehrig Steel, Inc. ("Kehrig") as a steel subcontractor for the project, Dkt. 9, Pg. ID 375, and Plaintiff Selective issued a primary insurance policy to Kehrig. Dkt. 9, Pg. ID 376. Then, Kemp and

Kehrig entered into a contract stating that Kehrig's primary insurer—that is, Plaintiff Selective—would insure Kemp as an additional insured for the work Kehrig performed. Dkt. 9, Pg. ID 375. The practical result of this contract was that Plaintiff became Kemp's excess insurer (and Cincinnati remained Kemp's primary insurer). Dkt. 9, Pg. ID 380.

While working on site of the project, an ironworker working for Kehrig was injured. Dkt. 9, Pg. ID 379; Dkt. 9-8, Pg. ID 760. He sued Kehrig and Kemp. Dkt. 9, Pg. ID 379. The lawsuit is currently pending in Macomb County Circuit Court, case number 14-3846-NI. Dkt. 7, Pg. ID 344. After the lawsuit was initiated, Cincinnati contacted Plaintiff, requesting that it defend Kemp in the case. Dkt. 1-3, Pg. ID 287. Plaintiff responded, declining, and denying that it has any duty to do so. Dkt. 1-4, Pg. ID 304.

Plaintiff then brought this action, seeking a declaration that it has no duty to defend Kemp. Dkt. 1, Pg. IDs 1-2. Since this lawsuit was filed, the parties have stipulated to several issues, including that: Plaintiff will insure Kemp as an additional insured, Plaintiff's insurance of Kemp is in excess, and Plaintiff will indemnify Kemp if and when Cincinnati's policy is exhausted. Dkt. 11, Pg. ID 938. The only issue remaining is whether Plaintiff has a duty to defend Kemp. Dkt. 1, Pg. ID 18.

3

At oral argument, the parties altered their positions somewhat. Defendant Cincinnati revised its position by stating that it was no longer asking this Court for summary judgment, but rather stated its preference for the Macomb County Circuit Court to resolve this issue. Plaintiff, when asked by the Court how this question met the applicable factors for exercising declaratory judgment authority required by the Sixth Circuit, discussed in greater detail below, conceded that the case was not a good fit.

### III. Jurisdiction

*1. Legal Standards*

A district court's exercise of jurisdiction under the Declaratory Judgment Act is discretionary. *Brillhart v. Excess Ins. Co., 316 U.S. 491*, 494 (1942). The Sixth Circuit has articulated five factors for district courts to balance in deciding whether to exercise jurisdiction over declaratory judgment actions:

1. whether the judgment would settle the controversy;
2. whether the judgment would serve a useful purpose in clarifying the legal relations at issue;
3. whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata;"
4. whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

4

    5. whether there is an alternative remedy that is better or more effective.

*Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 813 (6th Cir. 2004) (quoting *Scottsdale Ins. Co.,* 211 F.3d 964, 968 (6th Cir. 2000)).

With respect to the type of matter before the Court—that is, an insurance coverage diversity case where a party files a declaratory action seeking an advance opinion on an indemnity and duty to defend issue—the Sixth Circuit has cautioned that such actions "should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem." *Bituminous*, 373 F.3d at 812 (quoting *Manley, Bennet, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)).

    *2. Analysis*

Here, a declaratory judgment would not completely resolve the controversy in this case or clarify the legal relationship between Plaintiff and Defendants. Plaintiff has admitted that it has a duty to indemnify Kemp in excess and Plaintiff would, therefore, remain involved with the underlying state court action even if this Court declared that Plaintiff has no duty to defend Kemp. *See, e.g., Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 556 (6th Cir. 2008) (district court's declaratory judgment "settled controversy" where the only

5

issue before the court was whether the insurer owed the insured duties to defend and indemnify, and the insurer was not a party to the underlying state court action). Moreover, it is impossible for this Court to declare that Plaintiff either does or does not have a duty to defend Kemp, because the underlying action is ongoing, and it remains to be seen whether factual circumstances will arise that might trigger Plaintiff's potential duty to defend Kemp.

Next, this Court considers whether exercising jurisdiction over this action for a declaratory judgment would encroach on state jurisdiction, and whether there is an alternative remedy that is more effective. Because Michigan state law governs this case, a Michigan state court is a more appropriate forum in which to decide the issues this case presents, including whether Plaintiff has a duty to defend Kemp. It is also clear that an alternative remedy exists for the declaratory judgments that the parties seek. Under Michigan Court Rule 2.605, either party can bring this same action for a declaratory judgment in Michigan state court and have it decided by Michigan state judges.

Accordingly, after balancing the five factors enumerated in *Bituminous Cas. Corp* and other Sixth Circuit cases, the Court, under 28 U.SC. § 2201(a), declines to exercise jurisdiction over this action, and Plaintiff's motion for partial judgment on the pleadings, and

6

Defendants' motion for partial summary judgment, must, therefore, both be denied.

## IV. Conclusion

For the foregoing reasons and the reasons stated on the record at oral argument, the Court will **NOT EXERCISE** its jurisdiction over this matter, Plaintiff's motion for partial judgment on the pleadings is **DENIED**, Defendants' motion for partial summary judgment is **DENIED**, and this matter is **DISMISSED.**

**SO ORDERED.**

Dated:  July 21, 2017         s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on July 21, 2017.

                              s/A. Chubb
                              Case Manager